IC# 607229

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

10 MAY 17 AM 11:10

In re:                                                          Chapter 7

MARK A. MORALES,                                     Case No. 10-14622-KCF

Debtor.

MARIA CARMAGNOLA                            Hearing: May 17, 2010 at 10:00 a.m.

          Movant,

vs.                                                                    FILING FEE PAID
                                                                            $ 250.00
MARK A. MORALES,

Respondent/Debtor.

## COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR AND MOTION OF MARIA CARMAGNOLA FOR AN ORDER DISMISSING THIS CASE WITH PREJUDICE

Maria Carmagnola, co-Debtor in this case on the mortgage held by National City Mortgage with respect to the Single Family Residence located at 3404 Adams Ave, Toms River, N.J., which Debtor claims ownership rights to pursuant to a Judgment of Divorce, by and through her attorneys, Carmagnola & Ritardi, LLC, hereby objects to discharge of the Debtor and moves for an Order dismissing this case with prejudice, and any other relief the Court deems just and appropriate, and states:

### JURISDICTION

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.

2.  This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.  This Motion is filed pursuant to 11 U.S.C. § 707.

### FACTS AND PRE-BANKRUPTCY PROCEDURAL BACKGROUND

A.  **Parties**

4.  Maria Carmagnola (hereinafter "Movant") is the former spouse of Mark A. Morales, Debtor, in the above-referenced matter and listed as a Co-Debtor in Schedule H of the Voluntary Petition filed herein

5. Mark A. Morales (hereinafter the "Debtor") is an individual alleged to reside at 3404 Adams Ave, Toms River, N.J. (the "Residence" or "the Adams Ave. Property"). The Debtor is the ex-husband of Maria Carmagnola, the Movant herein.

**B. Factual Background of Maria Carmagnola's claim against the Debtor and Pre-Petition Procedural History**

6. Movant and Debtor were married to each other on October 19, 2003 in Denville, New Jersey.

7. The Movant and Debtor were subsequently divorced on June 17, 2008.

8. As part of the marital dissolution and during the pendency of the matrimonial matter, the Movant and Debtor entered into an Agreement on May 2nd, 2008 which made arrangements for their living separate and apart and with respect to their property rights ("the Agreement").

9. As part of the Agreement, Debtor was to receive 100% interest in the Adams Ave. Property.

10. With respect to the Adams Ave. Property, Debtor agreed to assume all obligations connected with the Adams Ave. Property, was to hold Movant harmless from all obligations connected with the Adams Ave. Property was to indemnify Movant with respect to the Adams Ave. Property, was to assume all responsibility for all encumbrances on the Adams Ave. Property and was to remove Movant's name from the mortgage and all encumbrances on the Adams Ave. Property.

11. Debtor did not comply with his obligations to remove Movant's name from the mortgage on the Adams Ave. Property.

12. As such, Movant is listed in Schedule H of the Voluntary Petition in this matter as a Co-Debtor on the mortgage on the Adams Ave. Property.

13. Debtor has not satisfied his responsibilities and requirements under the Agreement. Movant has failed to pay the mortgage on the Adams Ave. Property. The property is the subject of foreclosure actions. As such, Movant's credit has been adversely affected and will continue to be adversely affected until such time as Movant's name is removed from the mortgage on the Adams Ave. Property.

14. Because Movant continues to be listed on the mortgage, Movant has received dunning letters and foreclosure notices and her credit has been negatively affected.

15. Movant has evidence that despite his representations to this Court, Debtor is not using the Adams Ave. Property as his primary residence.

16. Debtor has not made any effort to have Movant's name removed from the mortgage or to otherwise comply with his obligations under the Agreement as relates to the Adams Ave. Property.

## BANKRUPTCY PROCEDURAL BACKGROUND

17. On or about February 19, 2010, the Debtor filed a petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

18. On February 22, 2010, Thomas Orr, Esq. was appointed Trustee.

19. A Meeting of Creditors was held on March 17, 2010. Prior to and during this meeting, Movant presented evidence and arguments in support of her objection to dischargeability and in further support of her request that the Agreement be complied with.

20. Also at the Meeting of Creditors, Movant requested updated letters from all credit agencies and documents and information relating to all attempts by Debtor to remove her name from the mortgage on the Adams Ave. Property. The Trustee indicated that the

documents and information would be forwarded to Movant. To date, no such documents and information have been provided to Movant.

21. The Notice of Bankruptcy provides that all Complaints objecting to the Discharge of the Debtor shall be filed by May 17, 2010.

22. Movant now files this Complaint objecting to dischargeability and demanding that the Agreement be complied with or that the Adams Ave. Property be immediately listed for sale.

## INCONSISTENCIES IN SCHEDULES

23. The Debtor has scheduled the Adams Ave. Property on Schedule A with a value of $291,000. No evidence of fair market value has been provided. The Debtor has acknowledged that Movant is listed on the Deed and mortgage relating to the Adams Ave. Property in Schedule A.

24. The Debtor listed the Adams Ave. Property as his primary residence, however, he has not used it as his primary residence.

25. The Debtor certified that he is not employed, however, Movant has evidence that Debtor was gainfully employed at all times relevant to this matter.

26. The Debtor did not list a Hummer motor vehicle as part of his assets in Schedule B. Movant has evidence that the Debtor transferred title to the vehicle to his mother without proper consideration and that he continues to use the vehicle for work and personal use.

## RELIEF REQUESTED

27. For the reasons set forth above it is respectfully requested that the Court

   (a) Compel Debtor to immediately write to all three credit agencies and explain that he is solely responsible for the mortgage payments and all the

expenses on the Toms River property and has been since the parties' divorce in June 2008 and that the Movant's credit should not be negatively affect in any manner by the negative payment history of the mortgage and any other bills associated with the Adams Ave. Property;

(b) Compel Debtor to take all steps to remove Movant's name from the mortgage or list the Adams Ave. Property for immediate sale by a date certain;

(c) Dismiss this case with prejudice

28. As set forth above, the Debtor's treatment of the Movant and this Court, both before and after the petition was filed, has been fraudulent.

29. Additionally, the Debtor has not been forthcoming with the Bankruptcy Court, the Movant and the creditors by failing to provide accurate and truthful information concerning his assets and earnings.

30. It is respectfully submitted that the Debtor's case should be dismissed with prejudice pursuant to Section 707 as the Debtor has not filed this case in good faith.

WHEREFORE, Maria Carmagnola respectfully requests all relief requested herein and that the Debtor's Bankruptcy Petition be dismissed with prejudice and that the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

Dated: May 14, 2010

**CARMAGNOLA & RITARDI, LLC**
Attorneys for Movant,
Maria Carmagnola

By:/s/*Domenick Carmagnola*
Domenick Carmagnola (DC3414)
60 Washington Street
Morristown, N.J. 07960
Phone: 973.267.4445
Fax: 973.267.4456

## CARMAGNOLA & RITARDI, LLC
### ATTORNEYS AT LAW

**DOMENICK CARMAGNOLA**
Certified Civil Trial Attorney
dcarmagnola@cr-law.net

60 WASHINGTON STREET, MORRISTOWN, NJ 07960
T. 973.267.4445  F. 973.267.4456
www.cr-law.net

ESSEX COUNTY OFFICE:
75 EISENHOWER PARKWAY
ROSELAND, NJ 07068

U.S. BANKRUPTCY COURT
RECEIVED
TRENTON, NJ
10 MAY 17 AM 11:09
JAMES J. WALDRON
BY: _____
DEPUTY

FILING FEE PAID
$250.00

May 14, 2010

**VIA OVERNIGHT MAIL**
Clerk
United States Bankruptcy Court
District of New Jersey
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, NJ 08608

    **Re:**    In re: Mark a. Morales
            Case No. 10-14622 (KCF)

Dear Sir/Madam:

    This firm is counsel to Maria Carmagnola in connection with the above bankruptcy matter. Enclosed please find an original and one (1) copy of the following:

1. Notice of Appearance;
2. Certificatiion of Non Compliance Regarding Case Management/Electronic Case Filing as to the Notice of Appearance;
3. Complaint Objecting to Discharge of Debtor and Motion of Maria Carmagnola for an Order Dismissing this Case with Prejudice;
4. Certificatiion of Non Compliance Regarding Case Management/Electronic Case Filing as to the Complaint Objecting to Discharge of Debtor and Motion of Maria Carmagnola for an Order dismissing this Case with Prejudice;
5. Order Granting Motion of Maria Carmagnola to Dismiss this Case with Prejudice; and
6. Certificatiion of Non Compliance Regarding Case Management/Electronic Case Filing as to the Order Granting Motion of Maria Carmagnola to Dismiss this Case with Prejudice.

    Kindly file the above documents and return a "filed" stamped copy in the envelope enclosed for your convenience. Also enclosed is check in the amount of $250 to cover the filing fee.

**CARMAGNOLA & RITARDI, LLC**

Clerk of the Bankruptcy Court
May 14, 2010
Page 2

      Thank you for your courtesies with respect to the above.

                Respectfully yours,

                CARMAGNOLA & RITARDI, LLC

                DOMENICK CARMAGNOLA
                A Member of the Firm

DC/ns
Encl.